UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HECTOR GONZALEZ,                         :
                                                   Civil Action No. 09-6461 (JBS)
              Petitioner,          :

              v.                   :      **ORDER**

WARDEN J. GRONDOLSKY,                     :

              Respondent.          :


     This matter having come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus, and it appearing that:

     1.  Petitioner is currently confined at the Federal Correctional Institution at Fort Dix, New Jersey;

     2.  Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a);

     3. Petitioner did not submit an application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)(1).

     4.  Title 28 U.S.C. § 2243 provides:

          A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>.

(emphasis added).

     5.  In this Petition, Petitioner fails to identify the judgment or order that he is challenging and, presumably, pursuant to which he is confined.  The Court notes that,

according to the U.S. Courts' PACER system, there have been at least 176 criminal cases prosecuted against defendants named "Hector Gonzalez."  This Court cannot, therefore, determine which matter pertains to the "Hector Gonzalez" who is Petitioner here.

6.    Petitioner fails to provide his Inmate Identification Number.  The Court notes that, according to the U.S. Bureau of Prisons Inmate Locator, the only "Hector Gonzalez" confined at the Federal Correctional Institution at Fort Dix has an Inmate Identification Number of 53497-053.

7.    The Petition states that it is a petition for writ of habeas corpus ad subjiciendum and that "THIS IS NOT A §2241, §2255 OR OTHER U.S. CODE RELIEF."

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,

> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

3

Here, the allegations of the Petition are so vague that this Court cannot determine any basis upon which it can exercise jurisdiction.  That is, this Court cannot determine whether Petitioner has pursued relief pursuant to § 2255 or whether § 2255 is inadequate or ineffective to test the legality of his confinement.  To the extent Petitioner seeks here to test his confinement pursuant to a federal criminal judgment, this Court can locate no record of a "Hector Gonzalez" having been sentenced in this Court and the allegations of the Petition do not suggest a basis for this Court to exercise jurisdiction pursuant to § 2241.

8.   Although Petitioner provides numerous legal citations regarding the history and scope of the writ of habeas corpus, he fails to allege any <u>facts</u> describing the alleged legal deficiencies in his own confinement.  The allegations of the Petition are insufficient to discern the basis for the challenge to Petitioner's confinement.  In the absence of any identifying information regarding the challenged judgment or order, or the basis for the challenge to the legality of his confinement, this Petition is too vague to proceed.  <u>See</u>, <u>e.g.</u>, <u>Barron-Hernandez v. Ledezma</u>, No. 08-0829, 2008 WL 4837466 (W.D. Okla. Nov. 4, 2008) (dismissing § 2241 habeas petition for vagueness).


IT IS THEREFORE on this __**29**<sup>th</sup>__ day of __**January**__, **2010**,

4

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus case; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a blank form Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; and it is further

ORDERED that the Clerk of the Court shall amend the docket to reflect that Petitioner's Inmate Identification Number is 53497-053, as that is the Inmate Identification Number of the only "Hector Gonzalez" currently confined at the Federal Correctional Institution at Fort Dix, New Jersey; and it is further

ORDERED that, within 30 days after the date of entry of this Order, Petitioner shall either remit the $5.00 filing fee or submit a completed and signed in forma pauperis application, with a certification of Petitioner's institutional account as required by Local Civil Rule 81.2(b); and it is further

ORDERED that, within 30 days after the date of entry of this Order, Petitioner shall submit an amended petition, pursuant to 28 U.S.C. § 2241 or § 2255, as appropriate, fully describing the judgment or order being challenged and the factual and legal

grounds for Petitioner's challenge to his confinement; and it is further

ORDERED that, if Petitioner does not comply with the terms of this Order within the above 30-day period, the Petition shall be dismissed and the Clerk of the Court shall close the file in this action without further notice.

 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge